## SUPREME COURT—APP. DIVISION—THIRD DEPT.,

### June 27, 1912.

### THE PEOPLE v. ELLERY HOKE.

(151 App. Div. 744.)

(1.) LIQUOR TAX LAW*—SUNDAY—EVIDENCE PROCURED BY THREAT OF IM-
PRISONMENT—TECHNICAL ERROR.

Where upon the trial of a person for violating the Liquor Tax Law
by selling ale and beer on Sunday, it was sought upon the cross-
examination of a witness for the prosecution to show that an affidavit
of such witness, introduced in evidence, had been procured by threat
of imprionment, the error, if any, in excluding another affidavit of
such witness relating in part to the threats, should be disregarded as
a technical error under section 542 of the Code of Criminal Pro-
cedure, where it is not certain that the witness was threatened.

(2.) SAME—TRIAL—EVIDENCE.

Where the witnesses for both the prosecution and defense had testi-
fied that the witness for the prosecution and his companions were in
the hotel twice on the afternoon in question, it was not error to exclude
evidence of the prosecution's witness as to his second visit, where the
court offered to permit the defendant to examine the witness as to his
different visits and as his testimony on another trial.

(3.) SAME—EVIDENCE OF STENOGRAPHER AS TO TESTIMONY OF WITNESS.

The evidence of a stenographer as to a witness' testimony may be
excluded, where it is not shown that the testimony was correctly
taken and the minutes correctly transcribed.

(4.) SAME—SUBSEQUENT ADMISSION OF EVIDENCE.

An alleged error in excluding the testimony of a witness is cured
when the witness is afterwards allowed to answer the question.

APPEAL by the defendant, Ellery Hoke, from a judgment of
the Supreme Court, rendered against the defendant on the 25th
day of April, 1911, convicting him of the crime of violating the
Liquor Tax Law.

*Merritt Bridges,* for the appellant.

*Ulysses G. Welch,* for the respondent.

---

* See Notes 51-41, 19-41.

Lyon, J.:

The appellant was convicted of violating the Liquor Tax Law by selling ale and beer between the hours of two and three o'clock, on Sunday, March 13, 1910. The evidence was amply sufficient to justify the verdict, and the only questions arising upon this appeal relate to exceptions to the exclusion of evidence. One Lynch, a witness for the prosecution, testified to having been in the hotel on two separate occasions on the afternoon in question with three companions and to their having been served with ale and beer by the appellant, to whom they made payment therefor. Upon cross-examination the appellant proved the making by the witness, in April, 1910, before a justice of the peace, in the presence of the district attorney and a spectator, of an affidavit (Exhibit A), in which the witness stated the facts as above detailed as to the sale of the ale and beer, and practically all the facts stated in Exhibit A. The appellant then sought to prove by the witness Lynch that he was compelled to make the affidavit (Exhibit A) under threat of being placed in jail if he refused. The answers of the witness were uncertain and conflicting as to whether the justice of the peace threatened to put him in jail if he did not sign the affidavit. The attorney for the appellant then offered in evidence the affidavit of witness Lynch, verified April 30, 1910 (Exhibit B), which was excluded. Appellant, relying upon the case of People v. Glennon (175 N. Y. 45, 52), claims that this was reversible error. The affidavit (Exhibit B), as a whole was clearly inadmissible, and in case the portion thereof relating to the duress was admissible, its exclusion was not such error as to call for a reversal of the judgment of conviction. In People v. Glennon (supra) the error was much more prejudicial, and yet the court intimated that were it not for errors in the charge the court would disregard the error in excluding the evidence of duress. Furthermore, the affidavit (Exhibit B) is not entitled in any proceeding, and it refers to an affidavit verified by

the witness on April 13th whereas Exhibit A not only bears verification of date April 20th, but the testimony states that it was verified on that day. It appears, also, that affidavits were taken in the case of People v. Kraham. Even if it should be held that any error was committed in the exclusion of evidence relating to duress of the witness Lynch, the same should be disregarded under section 542 of the Code of Criminal Procedure as being a technical error which did not affect the substantial rights of the appellant. Another alleged error specified by the appellant relates to the exclusion of evidence of the witness Lynch as to the time when he and his companions entered the hotel. As testified to on the Kraham trial, it was many times testified to by various witnesses, both for the prosecution and defense, that Lynch and his companions were twice in the hotel on the afternoon of March 13th between two and three and at about five o'clock. The contradictory testimony offered was that given by the witness on the Kraham trial, and unquestionably related to the second occasion.

The court was fair to the defendant in his statement. " By the Court: I will allow you to ask, Mr. Bridges, when he was in the Hotel Fenimore that day, how many different occasions, and what time of day, and then ask him his evidence on the other trial in that respect, that is, as to the time of day and different occasions. (Defendant excepts.)"

The defendant did not see fit to avail himself of this offer. Furthermore, as to the exclusion of the testimony of the stenographer, Ludlam, it was not shown that the testimony was correctly taken by her or the minutes correctly transcribed. As to the alleged error in excluding the testimony of witness Lynch, the error, if any, was cured by the witness later being allowed to answer the question.

The record as a whole establishes the fact beyond any reasonable doubt that the appellant was justly convicted. The defendant himself testifies that on the order of the guest Halbert

he served liquor not only to Halbert and Moore, who was dining with him, but also to three other persons in the room, for whom he claimed Halbert ordered, serving four or five glasses, and Halbert identifies the other persons served by appellant as Lynch and his companions. The appellant has paid the fine of $200.

The judgment should be affirmed.

All concurred.

Judgment of conviction affirmed.